**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDRE JACOBS, *et al.*, | : | Civil No. 1:26-CV-02038 |
| Plaintiff, | : | |
| v. | : | |
| BEN GAINER, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is an amended complaint filed by Plaintiffs Andre Jacobs ("Jacobs") and Saysha Barnes ("Barnes"). (Doc. 6.) Also pending is a motion to proceed *in forma pauperis* filed by Jacobs. (Doc. 7.) The court will grant the pending motion to proceed *in forma pauperis*. The court will dismiss Barnes as a party to this action because Barnes has not paid the requisite filing fee or sought leave to proceed *in forma pauperis*. The court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismiss the Americans with Disability Act ("ADA") claim. The court will allow the amended complaint to proceed on the remaining claims.

### BACKGROUND AND PROCEDURAL HISTORY

On July 21, 2026, the court received and docketed a complaint from Jacobs and Barnes naming three defendants: (1) Ben Gainer ("Gainer"), police officer with the Susquehanna Township Police Department; (2) Global Tel Link

Corporation; and (3) Warden Gregory Briggs ("Briggs"). (Doc. 1, pp. 1–2.) The complaint states that "on July 25, 2024, Defendant Gainer, having full knowledge Plaintiff Jacobs had a walking disability utilized the services of the crisis response team ("CRT") to execute a body warrant using guns, flash bombs, and other unreasonable force on Plaintiff when no force was needed," and alleges an Eighth Amendment and ADA claim. (Doc. 1, pp. 2–3.) The complaint also alleges that "Defendant ViaPath in conspiracy with [D]efendant Briggs denied Plaintiff's first Amendment U.S. mail enjoyments by charging Plaintiffs excessive fees to send digital photos/messages that are never received, offering no notice, avenue of appeal or reimbursement," and raises "RICO" claims. (Doc. 1, p. 3.) The complaint also states that "Defendant Briggs has authorized a blanket ban on all incoming publications (books, photos, magazines), denial of visitation, medical care for Plaintiff Jacobs (broken femur, ACL/MCL/CCL), ongoing retaliation, screening/copy incoming and outgoing legal mail, forced inhalation of second-hand smoke." (Doc. 1, p. 3.) Only Jacobs signed the complaint. (Doc. 1, p. 4.)

On July 21, 2026, the court issued orders directing both Jacobs and Barnes to pay the requisite filing fee or file a motion for leave to proceed *in forma pauperis* within 30 days or the complaint would be dismissed. (Docs. 3, 4.) That same day, the court entered an order granting Plaintiffs leave to file an amended complaint with both Plaintiffs' signatures. (Doc. 5.) On August 5, 2026, the court

received and docketed an amended complaint that is identical to the original complaint with the signature of both Plaintiffs. (Doc. 6.)

On August 7, 2026, the court received and docketed a motion for leave to proceed *in forma pauperis* from Jacobs. (Doc. 7.) The court has not received a filing fee or motion to proceed *in forma pauperis* from Barnes.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred in Susquehanna Township in Susquehanna County, Pennsylvania and at Dauphin County Prison in Dauphin County, Pennsylvania, both of which are located in this district. *See* 28 U.S.C. § 118(b).

## DISCUSSION

### A. Plaintiff Barnes Will Be Dismissed as a Plaintiff.

Here, two Plaintiffs seek to file a joint complaint before the court. (Doc. 6.) Only one of those two Plaintiffs has filed a motion to proceed *in forma pauperis* and no filing fee has been received.

The *in forma pauperis* statute does not allow multiple pro se litigants to obtain *in forma pauperis* statuses through a single, collective application. Indeed, this court has held, as have other courts in the Third Circuit, that each plaintiff named in the initial complaint must move separately for leave to proceed *in forma pauperis*. *See, e.g., Kilby v. Hoover*, No. 3:20-CV-1009, 2020 WL 5026479, at *1 (M.D. Pa. Aug. 25, 2020); *Derr v. Houser*, No. 4:22-CV-1917, 2022 WL 22894512, at *7 (M.D. Pa. Dec. 19, 2022) ("Where multiple plaintiffs seek to proceed *in forma pauperis*, all plaintiffs must establish their inability to pay the filing fee.") (citations omitted); *see also Moore v. Pennsylvania*, No. CV 19-5908, 2020 WL 374569, at *1 (E.D. Pa. Jan. 23, 2020) (declaring that "single *pro se* plaintiff may not represent the interests of the other [named] plaintiffs"); *Hagan v. Rogers*, 570 F.3d 146, 152–56 (3d Cir. 2009). Because Barnes has not filed a motion to proceed *in forma pauperis* and no filing fee has been received in this action, the court will remove Barnes as a party to the action. All claims Barnes raises in the complaint will be dismissed.

### B. All ADA Claims and Claims Against Global Tel Link Corporation Will Be Dismissed.

The court will grant Jacobs' motion for leave to proceed *in forma pauperis* and screen the complaint accordingly.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to

state a claim on which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109–10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek

leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

Plaintiff raises an ADA claim against Defendant Gainer. (Doc. 6, p. 2.) However, he does not plead the elements of an ADA claim in his amended complaint.

"To state a claim under either the ADA or the RA, [a plaintiff] must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Furgess v. Pennsylvania Dep't of Corr.*, 933 F.3d 285, 288–89 (3d Cir. 2019). A plaintiff "must also show intentional discrimination under a deliberate indifference standard [if] he seeks compensatory damages." *Id.* at 289.

The nature of Jacobs' ADA claim is not clear from his amended complaint. Plaintiff alleges that an unnecessary use of force was exerted against him. (Doc. 9, p. 2.) He does not allege preclusion from a program or discrimination based on his alleged walking disability. Therefore, the ADA claim will be dismissed without prejudice.

## CONCLUSION

For the above-stated reasons, Barnes will be removed as a party to this litigation and Jacobs' ADA claim will be dismissed without prejudice. The court will grant Jocobs' motion to proceed *in forma pauperis* and direct service of the amended complaint on Defendants.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: November 24, 2026